# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTUS NELSON,<br><br>　　　　　　　　　Petitioner,<br><br>　vs.<br><br>KEN CLARK, Warden<br><br>　　　　　　　　　Respondent. | CASE NO. 10cv1047-IEG (MDD)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. No. 12.] |

Respondents' motion to dismiss the Petition for Writ of Habeas Corpus has been referred to Magistrate Judge Dembin pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons set forth herein, it is recommended that Respondent's motion be **GRANTED.**

## I. PROCEDURAL BACKGROUND

Augustus Nelson, (hereinafter "Petitioner" or "Nelson"), a state prisoner currently incarcerated at the California Department of Corrections and Rehabilitation in Corcoran, California, proceeding *pro se* and *in forma pauperis,* filed the instant Petition for Writ of Habeas Corpus with this Court. [Doc. No. 1.] Edmund G. Brown Jr., Attorney General of California (hereinafter "Respondent") moved to dismiss the Petition as untimely under 28 U.S.C. §

1  2244(d)(1)(D). [Doc. No. 12.]  Petitioner has opposed Respondent's Motion to Dismiss.  [Doc. No.
2  22.]

## II. STATEMENT OF FACTS

Petitioner is serving a life sentence with the possibility of parole after his conviction of kidnaping for robbery with use of a deadly weapon.  [Doc. No. 12 at 1-2.]

On April 13, 2007, following a hearing, Petitioner was found guilty of a prison rule violation for possession of an inmate-manufactured weapon.  [Doc. No. 12 at 3.]  Petitioner's final administrative attempt to appeal from the violation hearing was rejected as untimely on September 19, 2007.  (Lodgement 1 at Ex. 1.)

On November 20, 2007, Petitioner filed his first Writ of Habeas Corpus with the Imperial County Superior Court.  (Lodgement 2.)  On January 14, 2008, the Imperial County Superior Court denied the petition for "failure to comply with California Rules of Court, Rule 4.551" and stated that "it does not appear that petitioner exhausted his administrative remedies."  (Lodgement 3 at 1.)

On May 26, 2008, Petitioner filed for a Writ of Habeas Corpus in the California Court of Appeal.  (Lodgement 4.)  The petition was denied on July 28, 2008, by the California Court of Appeal without reaching the merits of the rules violation:  "The documents provided indicate that petitioner was not denied his right to an administrative appeal, but rather his appeal was processed and rejected as untimely and because it failed to include an institutional second level review."  (Lodgement 5.)  As such, it "failed to properly exhaust administrative remedies on the merits of his claim."  *Id*.  Petitioner moved for reconsideration on November 4, 2008, which was denied on December 24, 2008. (Lodgement 6, 7.)  On the same day, November 4, 2008, Petitioner filed for Writ of Habeas Corpus in the Supreme Court of California which was denied on March 25, 2009.  (Lodgement 8.)  Petitioner moved for reconsideration with the Supreme Court of California on January 29, 2010.  On March 10, 2010, the motion was denied. (Lodgement 8.)

On May 10, 2010, Petitioner filed the instant Petition for Writ of Habeas Corpus.  [Doc. No. 1.]  On September 16, 2010, after having been granted additional time, Respondent moved to

1  dismiss the Petition. [Doc. No. 10, 12.] On November 15, 2010, after being granted additional
2  time, Petitioner filed his Response in Opposition to Respondent's Motion to Dismiss. [Doc. No.
3  17, 22.]

### III. SUMMARY OF ARGUMENTS

Respondent's Motion to Dismiss asserts that the Petition for Writ of Habeas Corpus should be dismissed because it is time-barred by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). [Doc. No. 12 at 2.] Respondent contends that, at the latest, the statute of limitations began to run on September 20, 2007, the day after the denial of Petitioner's final administrative appeal. [Doc. No. 12 at 3.] From that point, 62 untolled days passed before Petitioner filed his initial state habeas petition. [Doc. No. 12 at 3.] Following the denial of the Petition in the Superior Court, Respondent contends that 133 untolled days passed before the Petitioner filed his subsequent petition in the California Court of Appeal. [Doc. No. 12 at 4.] After the denial of the Petition by the Court of Appeal, Respondent claims that an additional untolled 99 days passed before Petitioner filed with the California Supreme Court. [Doc. No. 12 at 5.] Respondent also states that Petitioner's final state habeas petition was denied on March 25, 2009, concluding state review, and that Petitioner allowed 411 untolled days to pass before filing the instant Petition. [Doc. No. 12 at 5.] According to the Respondent, the Petitioner allowed a total of 705 untolled days to pass before he filed the instant federal Petition. [Doc. No. 12 at 5.] Respondent also argues that the Petition should be dismissed because review is barred on grounds of procedural default. [Doc. No. 12 at 5.]

Petitioner's Opposition to Respondent's Motion to Dismiss asserts the petition "should not be dismissed because [P]etitioner has been acting with due diligence to protect his guaranteed right to redress of his grievances and rights of due process and overcome any procedural default." [Doc. No. 22 at 3.] Petitioner also argues that "[t]he Petition is not barred by the AEDPA's statute of limitations," and implies that he is entitled to statutory tolling based on his review of case law and equitable tolling for "4 excusable reasons that impeded filing within the AEDPA's one-year statute of limitations." [Doc. No. 22 at 11.] The four reasons given are: a) Petitioner was placed in

Administrative Segregation without access to legal and personal property, b) CDC Form 602's are not acknowledged as requiring 'Priority Legal User Status'; c) Plaintiff only received access to the law library as a "Priority Legal User" the last 30 days of the AEDPA's one-year statute of limitations; and d) Petitioner's subsequent habeas corpus petition bar dismissal under the **'**relate back' criteria because the new claims are based on a 'common core' of operative facts. [Doc. No. 22 at 11-12.] *See* Fed. R. Civ. P. 15 (c)(2).

## **IV. STANDARD OF REVIEW**

Respondent's principal argument in his Motion to Dismiss is that the Petition for Writ of Habeas Corpus is untimely under 28 U.S.C.§ 2244(d). As the Court concludes the Petition is untimely, as discussed below, the factual sufficiency of the Petition will not be addressed.

The Anti-terrorism and Effective Death Penalty Act of 1996 created a one-year statute of limitations for the filing of a federal habeas petition by a state prisoner. Pub. L. No. 104-132, 110 Stat. 1214. The applicable statute of limitations is set forth in 28 U.S.C.§ 2244(d) as follows:

> (1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a state court. The limitation period shall run from the latest of:
> (A) *the date on which judgement became final by the conclusion of direct review or the expiration of time for seeking such review* (emphasis added);
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (emphasis added).
> (2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[T]he limitations period in section 2244 on its face is not limited to petitions challenging a state court judgment" but instead "reaches any and every habeas petition filed by persons who are in custody pursuant to state court judgements." *Shelby v. Bartlett*, 391 F.3d 1061, 1064 (9th Cir. 2004)*(citing Wade v. Robinson*, 327 F.3d 328, 331 (4th Cir. 2003)). In *Shelby*, the Ninth Circuit held that section "2244's one-year limitation period applies to habeas petitions challenging

administrative decisions." *Id.* at 1065. In the instant case, the one-year statute of limitations applies because Petitioner is challenging an administrative decision imposing a disciplinary sanction.

## V. DISCUSSION

Petitioner's one-year statute of limitations began to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2244(d)(1)(D). Petitioner's final administrative appeal was rejected on September 19, 2007. The statute of limitations began to run on September 20, 2007. As the instant Petition was not filed until May 10, 2010, nearly two and a half years later, the Petition is untimely unless the limitations period is tolled.

### A.  Statutory Tolling

The one-year period is tolled when a properly filed petition for habeas relief is pending in state court. 28 U.S.C. § 2244(d)(2). See *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (adopting the holding in *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999)). The limitations period also is tolled as "pending" between a state court's disposition of a habeas petition and the filing of an appeal or petition at the next state appellate level, so long as the petitions are filed within a "reasonable time" of each other. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). In California, a state petitioner may file an original petition with the higher court rather than a notice of appeal.

What constitutes a reasonable time is determined by state law. *Id.* In most states, a reasonable time is easily identifiable as there is a determinate time frame in which a notice of appeal must be filed with the higher court, usually 30 or 60 days. *Id*. In California, the original filing is considered timely if filed within a reasonable time. In *Evans v. Chavis*, the Supreme Court found that without a definition from the California Supreme Court as to what a reasonable time is, or a clear indication from the state court that a particular petition is untimely, "the circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 191, 198 (2006).

There is no clear indication from the state court that this particular request for appellate review was timely or untimely, so this Court must examine the delays and determine what the state courts would have held with respect to timeliness.

Here, the delays are as follows: 62 days between the start date of the statute of limitations, September 20, 2007 and when Petitioner first filed on November 20, 2007; 132 days between denial by the Superior Court of Imperial County on January 14, 2008 and filing with the California Court of Appeal on May 26, 2008; 99 days between denial by the California Court of Appeal on July 28, 2008 and filing on November 4, 2008 with the Supreme Court of California[1]; 319 days between denial by the Supreme Court of California on March 25, 2009 and filing for reconsideration on January 29, 2010; and 61 days between denial of the reconsideration on March 10, 2010 and filing in the United States District Court for the Southern District of California on May 10, 2010.  (Lodgement 4-8.)

In *Chavis*, the United States Supreme Court found that a delay of 6 months (approximately 180 days) before filing with the California Supreme Court was not a "reasonable time" and therefore did not qualify as "pending" for tolling purposes. *Chavis*, 546 U.S. at 201.  Petitioner relies upon *Carey v. Saffold*, 312 F.3d 1031, 1036 (9th Cir. 2002), *cert. denied*, 539 U.S. 927 (2003), for the proposition that a four and one/half month delay is reasonable.  More recently, however, the Ninth Circuit distinguished *Carey* and found that a delays of 115 and 101 days between state habeas petitions was unreasonable. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010).

Examining the periods of delay, consistent with *Chaffer*, suggests that the delays of 62, 99 and 61 days may be reasonable, the delays of 132 and 319 days are not. *Id*. Accordingly, the delays of 132 and 319 days are not subject to statutory tolling. (Lodgement 6-8.)  Absent equitable tolling, the Petition is untimely as exceeding the one-year limit.

---

[1] Petitioner moved for reconsideration with the California Court of Appeal and filed his initial Writ of Habeas Corpus with the California Supreme Court on the same day, November 4, 2010. Therefore, there was no delay between denial of the reconsideration from the California Court of Appeal and filing with the California Supreme Court.

**B.      Equitable Tolling**

A petitioner is only entitled to equitable tolling of AEDPA's one-year statute of limitations "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (citing *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (*citing Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

The Petitioner has the burden of showing that "extraordinary circumstances" were the cause of any untimeliness, rather than his lack of diligence. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman*, 319 F.3d at 1203. Further, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (*citing U.S. v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)), with the result that equitable tolling is unavailable in most cases." *Miles*, 187 F.3d at 1107.

Petitioner states that he "has provided four excusable reasons that impeded filing within the one-year statute of limitations". [Doc. No. 22 at 11.] These reasons include: a) his placement in administrative segregation from March 15, 2007 through October 15, 2007 and December 19, 2007 through March 5, 2008 which prevented his access to "any legal and personal property for a lengthy period of time;" b) CDCR policies prevented him from obtaining "Priority Legal User Status;" c) his limited access to a law library due to prison policies; and, d) his petition 'relates back' under Federal Rules of Civil Procedure, Rule 15c(2) thus barring dismissal. [Doc. No. 22 at 3, 11.]

The Court does not find any of these reasons to be extraordinary circumstances which prevented untimely filing. The period of segregation from March 15, 2007, through October 15, 2007, do not intersect the 132 or 319 day delays. The period of segregation from December 19, 2007, through March 5, 2008, cover 50 of the 132 days of delay between the denial of his petition by the Superior Court of Imperial County on January 14, 2008, and the filing of his subsequent

1  petition with the California Court of Appeal on May 26, 2008. Petitioner has not demonstrated
2  that placement in administrative segregation made timely filing not possible. In any event, 82 days
3  remained during this period in which the petition could have been filed. And, even if the 50 day
4  overlap is credited to the Petitioner, his petition remains untimely.

5        Limited access to the prison law library and no access to legal and personal property could
6  make filing less convenient and more challenging, but it does not rise to the level of extraordinary
7  circumstances necessary for equitable tolling. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.
8  2001) (rejecting argument that lack of access to library materials automatically rose to the level of
9  an extraordinary circumstance warranting equitable tolling).

10        Finally, the "relate back" rule is inapplicable here. Under Rule 15c(2), if an original
11  petition is timely filed, any amendments made after the statute of limitations has run may relate
12  back to that original filing date so long as the amended pleadings "ar[i]se out of the conduct,
13  transaction, or occurrence" in the original petition. Fed. Rule Civ. Proc. 15(a); see also *Ellzey v.*
14  *United States*, 324 F.3d 521, 525-527 (2003). It is not Petitioner's amended pleading that is in
15  question here, but rather his original filing. Therefore, the "relate back" rule does not apply. As
16  Petitioner did not meet his burden of demonstrating extraordinary circumstances beyond his
17  control, he is not entitled to equitable tolling.

18        Based on the foregoing, the Court finds the delays of 132 and 319 days for a total of 451
19  days are not subject to statutory or equitable tolling. At a minimum, Petitioner exceeded the one-
20  year statute of limitations by 86 days. Even if the 50 days in administrative detention intersecting
21  with a delay period are credited to Petitioner, the one-year limitations period was exceeded by 36
22  days.

23        The Court recommends Respondent's Motion to Dismiss be **GRANTED**, and the Petition
24  dismissed with prejudice as untimely. Since the Court has granted Respondent's Motion to
25  Dismiss based on the statute of limitations, the Court need not address other issues raised in the
26  Motion.

27   / / /

28

## VI. CONCLUSION AND RECOMMENDATION

For the foregoing reasons **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) **GRANTING** Respondent's Motion to Dismiss as set forth herein; and, (3) directing that judgment be entered dismissing the Petition for failure to file within the one-year statute of limitations set forth in 28 U.S.C. section 2244(d).

**IT IS ORDERED** that no later than **August 5, 2011,** any party to this action may file written objections with the Court and serve a copy on all parties. The documents should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 12, 2011.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of Court's order.

**IT IS SO ORDERED.**

DATED: July 15, 2011

**Hon. Mitchell D. Dembin**
**U.S. Magistrate Judge**