# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTUS NELSON,<br><br>                              Petitioner,<br><br>   vs.<br><br><br>KEN CLARK, Warden,<br><br>                              Respondent. | CASE NO. 10-CV-1047 - IEG (MDD)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br><br>**(2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; and**<br><br>**(3) DENYING CERTIFICATE OF APPEALABILITY** |

This matter is before the Court on Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus. [Doc. No. 12.] Respondent contends that the petition is barred by the one-year statute of limitations. Magistrate Judge Mitchell Dembin issued a Report and Recommendation ("R & R") recommending the Court grant Respondent's motion. Petitioner filed objections. [Doc. No. 30.]

Upon *de novo* review, the Court concludes Petitioner did not file his petition within the statute of limitations, and he is not entitled to statutory or equitable tolling. Accordingly, the Court adopts the R & R in full and grants Respondent's motion to dismiss.

## BACKGROUND

The R & R contains a complete and accurate summary of the proceedings in this case, and the Court fully adopts the Magistrate Judge's detailed background. [*See* R & R at 1-3.] In sum,

Petitioner is serving a life sentence with the possibility of parole after his conviction of kidnapping for robbery with the use of a deadly weapon. [R & R at 2.] On April 13, 2007, following a hearing, Petitioner was found guilty of a prison rule violation for possession of an inmate-manufactured weapon. [*Id.*] Petitioner's final administrative attempt to appeal from the violation was rejected as untimely on September 19, 2007. [*Id.*]

Between November 2007 and March 2010, Petitioner filed multiple petitions for habeas corpus relief in state court, culminating with the Supreme Court of California's March 10, 2010 denial of his request for reconsideration. [*Id.*] On May 10, 2010, Petitioner filed a petition for writ of habeas corpus in this Court, which Respondent now moves to dismiss as untimely.

## DISCUSSION

### I.   Statute of Limitations

The R & R sets forth the correct legal standards the Court must apply in considering whether the current petition is time barred. Habeas petitions are governed by a one-year period of limitation, and Petitioner's one-year statute of limitations began to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

The R & R correctly concluded that the statute of limitations began running on September 20, 2007. Petitioner's Objection—that the limitations period began running on March 25, 2009—is unavailing. Petitioner's final administrative appeal was rejected on September 19, 2007, and the statute of limitations began the next day.[1] *See Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004).

#### A.   Statutory Tolling

The one-year limitations period for habeas petitions is tolled when a properly filed petition for habeas relief is pending in state court. 28 U.S.C. § 2244(d)(2). The limitations period is also tolled as "pending" between a state court's disposition of a habeas petition and the filing of an appeal or petition at the next state appellate level, so long as the petitions are filed within a

---

[1] In his Objection, Petitioner contends he did not receive notice of the denial of his administrative appeal until October 1, 2007. That contention, if true, is immaterial; it does not bring his petition within the limitation period, as demonstrated below.

"reasonable time" of each other. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

What constitutes a "reasonable time" is determined by state law. *Id.* Analyzing what constitutes a "reasonable time" under California law, the Ninth Circuit has recently held that delays of 115 and 101 days between state habeas petitions were unreasonable. *Chaffer v .Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010).

In this case, the R & R accurately sets forth the delays:

- **62 days** between the start date of the statute of limitations, September 20, 2007, and when Petitioner first filed on November 20, 2007;
- **132 days** between denial by the Superior Court of Imperial County on January 14, 2008, and filing with the California Court of Appeal on May 26, 2008;
- **99 days** between denial by the California Court of Appeal on July 28, 2008, and filing on November 4, 2008, with the Supreme Court of California;
- **319 days** between denial by the Supreme Court of California on March 25, 2009, and filing for reconsideration on January 29, 2010; and
- **61 days** between denial of the reconsideration on March 10, 2010 and filing in this Court on May 10, 2010.

[R & R at 6 (citing Lodgement 4-8).] The R & R correctly states that under *Chaffer*, the delays of 62, 99, and 61 days may have been reasonable, but the delays of 132 and 319 days are not. Because the delays of 132 and 319 days are not subject to statutory tolling, the petition is time barred under 28 U.S.C. § 2244(d) unless equitable tolling applies.

### B. Equitable Tolling

The R & R properly sets forth the legal standard for determining whether a habeas corpus petitioner is entitled to equitable tolling of the statute of limitations. A petitioner is only entitled to equitable tolling "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (citing *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)).

The R & R addresses and correctly rejects each of Petitioner's arguments in favor of equitable tolling. [See R & R at 7-8.] In his Objection, Petitioner cites authority for the proposition that loss or destruction of legal papers constitutes extraordinary circumstances, but he does not make any specific assertions regarding the circumstances of his case. [*See* Objection at 12-13.] Based on its review of the record, including the R & R and Petitioner's Objection, the

Court concludes there are no extraordinary circumstances present in this case, and therefore Petitioner is not entitled to equitable tolling.

## II.   Certificate of Appealability

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir.2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, because Petitioner has not made a "substantial showing," the Court **DENIES** a certificate of appealability with respect to all of Petitioner's claims.

## CONCLUSION

Based on the foregoing, the Court **ADOPTS IN FULL** Magistrate Judge Dembin's well-reasoned Report and Recommendation and **GRANTS** Respondent's motion to dismiss. The petition is **DISMISSED WITH PREJUDICE**. The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** August 23, 2011

*[signature]*

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**